GEORGE AND MAUDE P. MACKUBIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83671. Promulgated June 25, 1937.

*Joshua W. Miles, Esq.*, and *Carlyle Barton, Esq.*, for the petitioners.
*C. H. Curl, Esq.*, and *Jonas M. Smith, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has asserted the 50 percent penalty prescribed by section 293 (b) of the Revenue Act of 1928 in cases where any part of a deficiency "is due to fraud with intent to evade tax." The petitioner denies fraud. Consequently, proof of it is necessary in order to permit assessment, as otherwise the statute of limitations under section 275 (a) has run. The burden of proof is placed on the respondent by statute. Sec. 601, Revenue Act of 1928.

To sustain his burden the respondent points to two matters. One is the transaction whereby securities were transferred by the petitioner to his son, which transaction the respondent says was not a bona fide sale effective to establish a loss. The other is the petitioner's failure to set out this transaction as a separate item on the return filed.

The evidence in this case does not convince us that the petitioner is guilty of fraud. The established rule is that the respondent's burden of proof where he alleges fraud "is discharged only by clear and convincing evidence." *Henry S. Kerbaugh*, 29 B. T. A. 1014; *Harold B. Franklin*, 34 B. T. A. 927. The transaction between father and son in December of 1930 was handled in the way that sales are regularly made through established brokerage houses. The peti-

tioner offered to sell and the son agreed to buy through the brokerage house. Regular purchase and sale tickets were made out, the usual bookkeeping entries were made, and the stock which was in the broker's hands was marked out of one account and into the other. In addition the purchaser deposited some $14,000 worth of collateral, which together with the purchase stock was passed upon by the firm's margin clerk and was found to be sufficient margin for the account. Not only the petitioner but another member of the firm testified that under the firm's method of operation the stock passed out of the petitioner's control when it was taken out of his long account and entered up in the account of the son. We see no basis for characterizing as "pure fabrication", as counsel for the respondent does, the petitioner's testimony that the transaction was partly prompted by his desire to help his son work out of debt. The petitioner had faith in the stock and thought it was then underpriced in the market. The son had for a time been employed by the Houston Oil Co. and the petitioner was a director of the company. The Eastern Rolling Mills had their plant at Baltimore and the petitioner had some knowledge of the company's operations. He was thus in a position to judge of the potentialities of the stocks. It seems to us quite the natural thing for the petitioner to do to put his son in a position to work himself out of debt. It can not be said that the transfer of shares was a gift, in view of the son's hypothecating stock of his own worth $14,000 in order to complete the deal. Subsequent events confirm the fact of an actual sale. He sold for his own account all of the Houston Oil stock in June 1931. In 1932, when the Eastern Rolling Mills stock was transferred back to the petitioner, there were also transferred the son's 1,000 shares of Houston Natural Gas stock. This seems to us to indicate that the petitioner and his son were handling their transactions on a business basis rather than on a gift basis as might be expected between father and son. Still later we find the son reacquiring the Eastern Rolling Mill stock, depositing other collateral to margin his purchase account, then selling the stock and using the profits to reduce his debt to the petitioner.

The evidence against the bona fides of the sale does not outweigh the matters discussed above. Some of the facts in the case, taken alone, might give rise to suspicion. There is the relationship of the parties to the sale, which it has been held in other cases requires a careful scrutiny of the transaction. There is the lack of any cash passing between purchaser and seller at the time of the sale. These and other details brought out at the hearing have been considered and they do not constitute the clear and convincing evidence necessary to sustain the respondent's burden.

We see no attempted fraud in the method of reporting the result of petitioner's transactions in securities. True, he did not give the details of the several transactions which resulted in a capital gain, but this without more does not establish fraud. The description given in the schedule was an honest one. The property involved was securities, as reported; the cost, selling price, and profit were accurately reported. The respondent made some adjustments in the figures in addition to those in question here, but no claim for fraud is advanced by reason of such other items. Failure to itemize may be an indication of fraud when the transactions omitted are not bona fide or where they result in an erroneous report of income. Such is not the case here. The petitioner neither gave an erroneous description of the property involved nor made a false statement of the amount of cost or of the selling price. See *Victor A. Dorsey*, 33 B. T. A. 295; *Sol H. Goldberg*, 36 B. T. A. 44.

Upon the face of the petitioner's return for 1930 it appears that within the two-year limitation period a revenue agent made an investigation and filed a report finding an overassessment. That report was not placed in evidence. Whether or not the transaction here involved was disclosed in that investigation does not appear in this record.

In addition to the matters so far discussed, which are based upon the cold type of the transcript of the hearing, there is in the petitioner's favor the impression that he and his witnesses made on the Division hearing the case. Both the petitioner and his son, another member of the firm, and an employee of the firm, testified concerning the sale in December 1930. All testified fully and frankly and, apparently, honestly. Upon seeing and hearing the witnesses the Division before whom the case was tried was left with the impression that the transaction of December 1930 was not fraudulently conceived and executed for the purpose of evading tax.

Reviewed by the Board.

*Decision will be entered for the petitioner.*